HENRY F. TURNER, Judge pro tem-pore.
This suit resulted from an automobile collision which occurred on December 12, 1962, at about 10:00 p. m. The accident occurred on the Airline Highway in or near Kenner, Louisiana. An automobile owned by Mr. and Mrs. T. A. Hamby, Jr., which was being operated at the time by Mrs. Hamby, was run into and damaged by a truck owned by Sterling Coffee Company, Inc., and operated by William John Hayden. The truck was insured by Marquette Casualty Company against public liability. Mrs. Hamby sued for damages for personal injuries sustained by her, and Mr. Hamby sued for the $100.00 deductible he paid on account of the damages to his automobile plus the medical expenses incurred by the community of acquets and gains.
The truck driven by Mr. Hayden, in the course and scope of his employment for the Sterling Coffee Company, Inc., was proceeding toward New Orleans on the Airline Highway. The truck ran into and collided with the rear end of the Buick automobile driven by Mrs. Hamby on the inside lane of the two inbound lanes next to the neutral ground. The plaintiffs alleged negligence on the part of the driver in the truck in that he did not have his car under proper control and was not keeping a proper lookout. The defense to the case was that the Buick automobile driven by Mrs. Ham-by made a left turn from the north bound or outgoing portion of the four-lane highway into his path in a sudden and abrupt manner, thereby creating an emergency, and he was unable to bring his car under control in time to avoid the collision. Plaintiffs’ original petition included other par *728 ties as defendants through error, and they were dismissed from the suit when the error was discovered.
The case went to trial in the District Court on the issues thus made up, and after hearing the evidence, the Judge of the District Court rendered judgment in favor of the plaintiffs in the amount of $1,350.00 to Mrs. Hamby for her pain, suffering and inconvenience, and in the amount of $283.00 to Mr. Hamby for the damages to the automobile and medical expenses. From this judgment the defendants have appealed to this Court.
The case involves purely and simply a question of fact, and that question was resolved in favor of the plaintiffs. As stated by the District Judge, it was a close case, but he had an opportunity to see and observe the witnesses and to appraise their testimony. He, undoubtedly gave more weight to Mrs. Hamby!s testimony than to that of the driver of the truck. The two drivers were the only witnesses to the accident. Mrs. Hamby testified that she had made a turn from the outgoing portion of. the Airline Highway and had straightened up her car and had traveled straight for a block or more before being struck from the rear by the truck. She stated that she was traveling about 15 to 20 miles per hour when she made the turn and was traveling about 30 to 35 miles per hour when struck. She stated that she saw the lights from vehicles traveling south or inbound on the Airline Highway, but they were a block or more from her when she made her turn. Contrary to her testimony is that of Mr. Hayden, the driver of the truck, who testified that he was traveling about 40 miles per hour and had just passed another car on the inside lane when he saw Mrs. Hamby making the turn and that he was too close to her at that time to avoid striking her car in the rear, although he endeavored to pull to the right to miss her.
We have held too often to necessitate the citation of authority that unless the finding of the Trial Court is manifestly erroneous on a question of fact, that his finding will not be reversed. We find no manifest error in the finding of the Trial Judge in this respect.
We have thoroughly searched the testimony in an effort to determine how the Trial Judge reached the award of $283.00 to Mr. Hamby. We find a stipulation as to his damages to be $100.00 for the amount of deductible he paid on his collision loss plus $103.00 paid to a Dr. Alldredge for treatment of Mrs. Hamby. We find no further proof of his damages, and the award of $283.00 is, consequently, reduced to $203.00.
Mrs. Hamby has answered the appeal and asked that her award be increased to $4,500.00. The defendants, on the other hand, strenuously argue that the award of $1,350.00 is excessive and completely out of line for the injuries sustained by her. The Supreme Court states that each case must stand on its own merits and that former awards in other cases are not a safe yardstick to follow. Mrs.' Hamby was injured on December 12, 1962, and was forced to undergo tedious and -painful treatment for a period of about two months. There were no permanent injuries. We think that, in view of the testimony, the award' to her was neither excessive nor inadequate, and we will, therefore, not disturb same.
The judgment of the District Court is, therefore, amended by reducing the award to plaintiff, T. A. Hamby, Jr., to $203.00, and in all other respects is affirmed, at defendants’ costs.
Amended and affirmed.